IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BYRON D. CLARK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1986 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Petitioner Byron D. Clark, a state inmate purportedly in custody of the Texas Department of Criminal Justice – Correctional Institutions Division, filed this *pro se* habeas action under 28 U.S.C. § 2254 challenging two state court convictions. On May 17, 2006, the Court sent notice of a reassignment to petitioner at his address of record at the Lynaugh Unit in Fort Stockton, Texas. (Docket Entry No. 14.) On June 5, 2006, the notice was returned to the Court, marked as "Return to Sender – Released." (Docket Entry No. 15.) The Court verified through telephone communication with prison officials that petitioner was released from custody to mandatory supervision on May 19, 2006.

Petitioner has not provided the Court with a change of address, as required by Rule 83.4 of the Local Rules for the United States District Court for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Court advised in writing of his current address. The Court will only send notices to the address on file. A reasonable time of over one month has expired since petitioner was

released from custody, and he has yet to provide an accurate, current mailing address. His failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). Petitioner is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution. All pending motions are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22nd day of June, 2006.

_____
Gray H. Miller
United States District Judge